# David B. Yezner v. Roberts, Johnson & Rand Shoe Company.

1. PEREMPTORY INSTRUCTION—*when error to give.* Where there is a conflict of evidence, the cause should be submitted to the jury, and a peremptory instruction is improper.

Attachment proceeding. Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

Yezner v. Roberts, Johnson & Rand Shoe Co.

M. S. WHITLEY and W. F. SCOTT, for appellant.

CHOISSER, CHOISSER & KANE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On November 13, 1902, appellee filed an affidavit, under the attachment law, in the Circuit Court of Saline County, alleging that it had just demand against George W. Yezner and Charles L. Rice, composing the firm of Yezner & Rice, for goods, wares and merchandise delivered to them, amounting to $262.75; that said George W. Yezner was not a résident of the State of Illinois and had within two years preceding the filing of the affidavit, fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder or delay his creditors. The sheriff executed the writ of attachment on the day it was issued by levying on 325 pairs of shoes, "the property of George W. Yezner," and by reading the writ to said Charles L. Rice. The writ was also served upon appellant, David B. Yezner, who was summoned as garnishee. No plea traversing the facts stated in the affidavit upon which the attachment was issued, was filed.

A declaration in assumpsit was filed against George W. Yezner and Rice, and judgment by default was entered against them. Appellant filed an interpleader claiming title to the property attached. Issue was joined on the interpleader and a trial had.

At the conclusion of all the evidence, the court at the request of appellee, instructed the jury to find the issues for the defendant, and that the goods levied on, as property of George W. Yezner and Charles L. Rice, were subject to the attachment. A verdict was returned in accordance with the instruction of the court, and judgment entered in favor of appellee and against appellant for costs.

The proofs showed that on October 21, 1901, George W. Yezner and Charles L. Rice purchased a stock of goods in Harrisburg, Illinois, from one Gaskins; that appellant, who had been a clerk in the same store, took charge of the interest of his brother, George W. Yezner, who lived in St.

Louis, Missouri, and managed the same for him; that on September 20, 1902, appellant, being ill, employed Charles G. Brown to manage the store; that differences arose between Rice and appellant and some time prior to the bringing of the suit, the interest of Charles L. Rice was disposed of and he retired from the store. Appellant swore that on October 16, 1902, Rice, who was indebted to Mrs. Elvira Rice, sold his interest in the store to her, and that she sold the same to him, appellant; that he paid her $300 in cash and was to make certain further payments at the rate of $25 a month; that in addition he assumed the payment of the indebtedness of the firm, which amounted to about $2,800; that he has paid all the claims then existing against the firm except that of appellee, for which this suit was brought. Appellant is corroborated by witness W. F. Scott, one of his attorneys, who swears that he represented Mrs. Rice at the time the trade was made and that he conducted the negotiations for her; that appellant was to pay Mrs. Rice $800 and assume the indebtedness of the firm; that appellant has been keeping up his deferred payments to Mrs. Rice as agreed, at the rate of $25 per month; that witness at that time represented the claim of appellee and made arrangements with appellant to pay it at the rate of $75 a week; that appellant made the first payment and came to witness to make the second but refused to sign a written agreement in reference to the matter, because he claimed the bill was incorrect; that witness had some correspondence with appellee about the matter and the latter ordered the claim returned and placed it in the hands of other attorneys for collection. Appellant was also corroborated as to the purchase of the Rice interest to some extent by the witness Brown, who at the time was in charge of the store at the request of appellant. Brown testified that on the day last mentioned, Mrs. Rice, Mr. Scott and others were in the store and were talking about the trade; that appellant paid Mrs. Rice $300 in money and has since been making monthly payments of $25; that he has paid all the creditors of the firm, except this claim, and that he

paid $75 on this claim about a week after he made the trade; that afterwards two of the present attorneys for appellee came to the store and presented the claim; that appellant told them it was too much, that he was not willing to pay what they claimed but was ready to pay them what he owed them.

Appellant further testified that some ten or twelve weeks prior to the time he purchased the Rice interest, he had purchased the interest of his brother George W. Yezner, for the sum of $1,500, giving him three notes for $500 each, payable in one, two and three years. On the other hand, an agent of appellee, who called on appellant to collect the debt, and two attorneys for appellee, swore that after appellant claimed to have purchased the interest of both the parties, he told them the goods belonged to his brother, George W. Yezner. It also appeared that no change was made in the conduct of the store, except the retirement of Rice, and that at the time the attachment was levied, an advertisement was being carried in a Harrisburg newspaper, signed "C. C. Brown, Manager," and "G. W. Yezner, Proprietor." In explanation of the advertisement, however, the witness Brown testified that appellant, after he bought out Mrs. Rice, was sick and was not in condition to do any work in the store until about the Christmas holidays; that he, witness, was manager and caused the advertisement introduced in evidence to be placed in the paper.

A number of errors are assigned by appellant, but the principal question for us to consider is whether the court erred in giving the peremptory instruction in favor of appellee.

The form of the verdict given by the court to the jury, and which they returned as directed, was as follows : "We, the jury, find the issues for the defendant; we find that the goods levied on as the property of George W. Yezner and Charles L. Rice are subject to the attachment." There was in fact no foundation for that portion of the instruction of the court which referred to the goods as being "levied on as the property of George W. Yezner and Charles L.

Rice," for the return of the sheriff shows they were levied on as the property of George W. Yezner alone. But waiving objection to the form of the verdict, we are of opinion that the instruction which it followed should not have been given by the trial court. The *prima facie* case made by appellant showed that the interest of Rice in the firm had been sold to and was purchased by appellant. The proof also tended to show that so far as the Rice interest was concerned, the goods were turned over to appellant and there was an actual change of possession, as Rice claimed no interest in them and was only in the store two or three times after the sale. Appellee offered no evidence to controvert the fact of the sale by Rice but sought to show that the sale of the Rice interest was in reality made, not to appellant but to George W. Yezner. Leaving out the question as to whether appellant had also purchased his brother's interest as sworn to by him, it yet remains a fact that at the close of the evidence offered on behalf of appellant, the *prima facie* case made showed that he at least owned the interest formerly possessed by Rice. That interest was therefore not subject to attachment as the property of George W. Yezner, unless the fact that it did belong to him was demonstrated by the evidence offered on behalf of appellee. As to where the weight of evidence upon the whole was, upon the question of the ownership of the goods, we express no opinion, but consider it sufficient to say that the question was one upon which there was a conflict of evidence, which should have been submitted to the careful consideration of the jury.

For the error of the court below in directing a verdict, the judgment entered thereon will be reversed and the cause remanded.

*Reversed and remanded.*