David B. Yezner, Interpleading Claimant, Appellee, v. Roberts, Johnson and Rand Shoe Company, Appellant.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. PRACTICE—*when special interrogatory properly refused.* A special interrogatory which does not relate to an ultimate fact in dispute and which would tend to confuse the jury, is properly refused.

3. INSTRUCTIONS—*need not refer to excluded evidence.* It is not error for the court to refuse an instruction which tells the jury that they must disregard particular evidence which has been excluded.

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

CHOISSER, CHOISSER & KANE, for appellant.

WHITLEY & SOMERS and W. F. SCOTT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This case has been before this court at a former term and is reported in 116 Ill. App. 40, where the facts as they were then shown by the record, were fully set out. The judgment was there reversed and the cause remanded for another trial. When the case was again tried in the court below, there was a verdict returned by the jury in favor of appellee, which was set aside by the court and a new trial granted. After the second trial appellant by leave of court filed what is termed by counsel, a special replication in estoppel, alleging that prior to the levy of the writ of attachment upon the goods in question, G. W. Yezner and Charles L. Rice were indebted to appellant in the sum of $262.75; that appellee was at that time in charge of a stock of goods, of which the goods attached were

a part; that appellee knew of said indebtedness and that the same was unpaid; that appellant was desirous of collecting the same and of finding property of G. W. Yezner, out of which to make the debt; that in response to inquiry made by the agents and attorneys of appellant, appellee stated, immediately prior to the issuance of said writ of attachment, to said agent and attorneys, the goods in question were the goods of G. W. Yezner and that the latter was a resident of the State of Missouri; that relying upon the truth of said statement appellant employed attorneys and instituted this attachment suit; that had not appellee made such statements and representations, appellant would not have instituted said suit and seized said goods; that by bringing said suit and employing counsel, appellant expended a large sum of money and incurred large pecuniary liability, which facts appellant said barred and estopped appellee from maintaining his plea against appellant. Afterwards issue was joined upon this special plea. Upon the third trial the jury again found in favor of appellee, and a motion for a new trial having been overruled, the court ordered and adjudged that appellee have and recover the shoes, which constituted the property attached, from appellant and gave judgment against appellant for costs, from which judgment this appeal is prosecuted.

From a careful inspection of the record in this case, we must say, as we did when the case was here before, that upon the question of the ownership of the goods in question, there was a conflict of evidence which properly required the careful consideration of a jury. Two juries have since considered this question and found in favor of appellee, and while the case was close there was evidence to justify their verdict.

Upon the questions raised upon the last trial by the special replication of estoppel, filed by appellant, there was also a conflict in the evidence. Appellant introduced testimony tending to show that appellee had made the statements concerning the ownership of the

goods alleged in the special replication to three parties, two of whom were attorneys for appellant in this suit and the other one of its traveling salesmen. Appellee denied that he made such statements to the two attorneys, but was not interrogated in reference to the statement claimed to have been made to the traveling salesman. It was also shown by appellee through witness W. F. Scott, now one of his attorneys, that this claim, with others against the firm of Yezner and Rice, had been in his hands for collection and that after appellee became interested in the stock, an agreement was made for the settlement of the claim, by which appellee was to pay it in preference to the other claims at the rate of $75 a week; that the first payment of $75 was made and appellee came the next week to pay the second $75 at which time witness had an agreement prepared by appellant for appellee to sign; that appellee refused to sign the agreement because he said he did not owe appellant the amount claimed therein but that he would sign it if witness would get the claim reduced; that witness told appellant to keep the $75 until he wrote to the company and got information; that he wrote to appellant and the latter ordered the claim to be returned; that the claim was thereupon returned and put in the hands of other attorneys, who later commenced the attachment suit.

The evidence showed that appellant knew through its attorney, sometime before bringing the attachment suit, that appellee claimed the stock and had assumed the indebtedness; that it had received part payment from him and was ready to take him for the balance provided he signed the contract prepared by them, but that they disagreed over the amount of the claim. The affidavit for attachment itself alleged that the said George W. Yezner had within two years preceding the filing of the affidavit, fraudulently conveyed or assigned his effects or a part thereof, so as to hinder or delay his creditors, and it is apparent from the proofs that the transfer of property alleged by appellant to

have been fraudulent, was that claimed by appellee to have been made to him. Upon the whole, while this question, like the other, was a close one, there was evidence to sustain the finding of the jury and we do not feel at liberty to disturb the verdict.

In addition to complaint made by appellant against the verdict, it also claims that the court erred in not submitting a special interrogatory presented by it, in excluding proper evidence offered by it and also in regard to instructions.

The special interrogatory submitted by counsel for appellant which the court refused to submit to the jury, was as follows:

"Did David B. Yezner, the claimant in this case, state to the attorneys and agent of the Robert, Johnson & Rand Shoe Co. a short time prior to bringing of the attachment against George W. Yezner, that the stock of goods of which he, David B. Yezner, was in possession, belonged to his brother George W. Yezner, and that he lived in St. Louis, Missouri."

The questions which may be submitted to a jury for special findings are not questions which relate to mere evidentiary facts, but such as relate to the ultimate facts upon which the right of the parties directly depend. The questions which the jury were called upon to answer by the special interrogatory, related to evidentiary rather than ultimate facts. The interrogatory was also improper because it asked the jury to find whether David B. Yezner stated to the attorneys and agent of appellant both that the stock of goods belonged to George W. Yezner and that he lived in St. Louis, Missouri, because the attorney for appellant, Mr. Kane who testified upon this subject, swore that appellee told him the goods belonged to George W. Yezner, but expressly stated that appellee did not at the time tell him where George W. Yezner lived and afterwards stated that he got the information as to the residence from Charles B. Wheeler, appellant's traveling salesman, and D. W. Choisser, one of ap-

pellant's attorneys. The interrogatory submitted to the court would therefore have been confusing to the jury and could only have properly been answered in the negative, according to the evidence introduced by appellant.

The court gave instructions for appellee, telling the jury if they found from the weight of the evidence that George W. Yezner sold his interest in the goods in question to appellee, for a valuable consideration, and that appellee took possession thereof, then appellee had the right, under the law, to hold said goods as against the claim of appellant, unless they further found from the evidence that at the time appellee purchased the interest of George W. Yezner, he did so with the actual fraudulent intent and design of hindering and delaying the creditors of Yezner and Rice in the collection of their debts or was estopped from claiming the goods as explained in other instructions. Substantially the same instruction was likewise given in relation to the interest of Elvira Rice in said goods, also claimed by appellee to have been purchased by him. They were also instructed that appellant must prove the estoppel set up by him by the weight of the evidence and that in case they found that appellee did make the statements claimed to have been made by him in the additional replication, still such statements would not estop him from claiming the goods in question unless they further found from the greater weight of the evidence, that such statements were the sole cause moving appellant to sue out said writ of attachment, and that said writ of attachment would not have been sued out but for such statements. We think these instructions stated the law applicable to appellee's case as shown by the evidence, with substantial accuracy, and that appellant's objections to them are not well founded.

Appellant claims that an instruction offered by it telling the jury that all of the evidence of the witness W. F. Scott pertaining to conversations "by or to

himself" in regard to the sale or purchase of the goods in question, had been excluded and should not be considered by them in making up their verdict, was refused by the court. The court had already in the course of the trial excluded this evidence from the jury and while the instruction might have been given it was not error for the court to refuse to call attention again to the exclusion of the evidence in an instruction. Some four other instructions offered by appellant, were refused, but so far as they were correct and proper they were fully covered in a most favorable way for appellant in the eighteen instructions given for it.

The holdings of the court upon the evidence objected to by appellant are few in number and while not in all cases strictly accurate, do not appear to have been sufficiently important to warrant a reversal. The judgment of the court below will be affirmed.

*Affirmed.*